So, our first case for argument this morning is Hamilton v. Adams. Good morning, your honor. Oh, yes, sir. Derral Brain interfering on behalf of Jonathan Hamilton. The issue here is whether... This TV is not adequate. It's all... you're jerking. Is there someone to fix that? Yeah, I got the guy's number. Do you want me to call him? I don't know. What do you think? It's really awful. I can call the tech guy. Hold on. Yeah. Hold on. Let... just one second. Okay. Let's just go forward. All right. Let's just do it. Okay. This is why I don't like TV arguments, because the equipment is just not adequate. From my end, you look fine. Okay. We can hear you. Just speak loudly. Okay. The issue here is whether the California Superior Court's denial of Hamilton's original habeas petition was ambiguous to the point that the Supreme Court's subsequent postcard denial must be deemed to have been an adjudication on the merits. Now, the Supreme Court has consistently in Reed, Yost, Richter, and Johnson upheld a rebuttable presumption that a postcard denial is entitled to the presumption that it was an adjudication on the merits. But it seems... Can I back the question up a little bit? Yeah, I'm sorry. It seems to me that there is a possible difference between... For present purposes, as I understand it, we're interested in this question for purposes of statutory tolling, not for purposes of procedural default. Is that right? That's correct. Okay. That's good. For purposes of statutory tolling, if this was a normal appeal system, unlike what we have in California, presumably you could have a trial court saying you're defaulted, you didn't object or whatever. You would then have appeals going up, and those appeals would be statutorily tolled if they were timely, regardless of whether the procedural default was... Regardless of whether ultimately they upheld or didn't uphold the determination that at the trial court that there was a procedural default, right? In other words, there would be the appeals about the default, and it seems to me that they would come out of the statute of limitations time as tolled. I'm not sure I understand the question. Well, the question is that are we trying to figure out whether the higher courts in California presumptively agreed with the trial court that it was filed too late in the trial court, or are we trying to figure out whether the higher courts in California themselves dismissed the petitions as filed too late relative to each other, that is, relative to the trial court filing? It's the latter, Your Honor. Well, if it's the latter, then it seems to me the look-through doctrine is totally irrelevant. I mean, if you looked through it, all you would find out was that they were agreeing with the trial court that it was filed too late in the trial court, but that wouldn't really affect the statutory tolling question. Well, they're looking through to the habeas court's decision. This is the state habeas court that made that, yeah, and trying to figure out what their decision was about. The look-through doctrine, in my understanding, is they look at the last reason decision in the state court, in this case that was a habeas court,  the look-through doctrine says that the relevant state court decision, the presumption will apply if the state court judgment was interwoven with federal law. And so I think in this case we have a silent Supreme Court decision looking through and back to the superior court judgment, and we've got to look at that, and this Court has to look at that in order to determine the meaning of the Supreme Court's silent denial. Was it based on the merits, in which case equitable, I mean, statutory tolling applies, or was it clearly one way or another? Now, the ruling by the superior court, the state superior court, the only reasoned judgment is really unclear in this case. What's unclear about it? I think the court made it, pretty much stated that it was untimely, and then went on to reach the merits. That's true, except if you're doing it more carefully, though, we find that there's an equal amount of time devoted to the timeliness issue, and the same amount of time or the same amount of space devoted to the merits. Well, is there any doubt that he didn't find it, that he found it untimely? Well, he said it was untimely. Then he also addressed the merits of the race constitutional equations. We do that? Courts do that. Well, I know courts do that, but we have a state decision that's kind of a balance here. Let me ask you this. Are you familiar with Bonner v. Kerry? Yes. Why doesn't that get control here? Well, Bonner is based on the California Supreme Court explanation that was denying his petition because, among other reasons, Bonner had either made the same claims in the 1999 petition or could have done so, and there was no reason that he stated it for the delay. That was the superior court's order. There was no mention of the merits there whatsoever, and then the court appealed and the Supreme Court issued a summary denial. But there the superior court order was unequivocal. It didn't mention the merits at all. I thought the order in Bonner, the superior court order in Bonner also was on the merits as well. Summary denials in Bonner. No, at the superior court level. Oh, the superior court. I'm not sure of that. My notes don't reflect that. There was no split merits and timing as ordered by the superior court. But I wanted to mention how the superior court judgment in this case begins. There's three statements that it makes right in the beginning before it even gets to any discussion of the issues. The first one says, Petitioner has failed to state a basis for relief. Well, that's clearly a merits conclusion. And the second one is. Why is it clearly a merits conclusion? Why couldn't the reason he failed to state a basis for relief because he filed too late? Well, the basis for relief in my mind goes right to the merits. I mean, he's made these claims for relief and they're denying the basis for those claims. That to me means merits. The second thing, though, that's stated in the beginning of the judgment is Petitioner has failed to provide adequate and proper notice. And when I look at that and try to understand what that means, it looks like it could mean failed to allege with particularity his allegations. And then it says even if he had given proper and adequate notice, his writ would fail. Well, suppose that is what he meant, that you'd still have — I mean, unless you understood and dealt with my question, you would still have the same problem because whether it was improperly filed for being too vague or improperly filed for being too late, it's still improperly filed. Well, I think that the judgment in this case was interwoven with Federal law. And Yields says the presumption should apply after it's been determined that the relevant State court decision fairly appears to rest primarily on Federal law or is interwoven with Federal law. And the question is whether this Superior Court judgment is interwoven with Federal law if half of it is devoted to a discussion of the Constitution. But, you see, the questions you're asking are all procedural or addressing, it seems to me, are procedural default concepts. And I don't know that they apply in this context. I mean, that's what I was trying to get at before. It could well be that the Yields Doctrine makes your claim procedurally defaulted, but I don't know that it answers the statute of limitations question. And they're different because on the one hand, if it's procedurally defaulted, you have a cause and prejudice possibility, and if you file too late, you're just out. And I think they're not the same. And you're arguing as if they're the same. I don't think so. I think that there is no cause and prejudice issue in this case. It was not raised. I understand that. And so the original delay of two years between the time he was sentenced and the time he filed his First Hadens petition. You're a little bit over your time. Let's hear from the State. Okay. Thank you. Good morning. May it please the Court. Justin Riley on behalf of the Warden. I find myself in the odd position of agreeing with opposing counsel on this one point. I do believe that the Yields Look-Through Doctrine informs this Court's decision here. Evans v. Chavez tasks a Federal court. Let me try once more to explain my concern. Sure. All right. Let's suppose that the trial court denied the claim for the reason we know it did. Let's say it denied it as untimely. Yes. Let's suppose this was a traditional state in which you take an appeal. Okay. Right? You take an appeal from that and you go to the court of appeals. You say it's not untimely. I disagree. It's not untimely. All right. Let's suppose it's not untimely and the court of appeals writes an opinion and says, no, it is untimely. The original petition was untimely. And then you take a petition to the Supreme Court and they, you know, deny it and say, we're not going to hear this because the original petition was untimely. All right. Does the time between the trial court and the Supreme Court being final come out of the statutory tolling? That would be an odd situation, but I could tell you just quickly that he wouldn't be challenged. It's this situation, except for the fact that there are separate petitions. Well, not really, because in this situation, the petitioner didn't challenge the timeliness of the original petition.  And in your situation in your hypothesis of the original petition. Well, what's the answer to my question? What is the answer to my question? In your hypothetical, your petitioner wouldn't be challenging his conviction or any claims. Oh, then he would go on and challenge the claims. In other words, I mean, that's how it usually happens. The trial court says I'm not going to decide it because it's untimely and you take an opinion. But what I want to know is, does the statutory tolling apply to that? And the answer has to be yes. He wouldn't be challenging his conviction or any claim. Yes, he would be. In my hypothetical, of course he is. He's saying it's not untimely and therefore you should reach my claim and here's my claim. Of course he would be. And the question is, does that time come out? And the answer, of course it does. Okay. But it may be procedurally defaulted. Well, Evans v. Chavez tasks a court analyzing a statute of limitations claim with figuring out what ambiguous State court denials mean. And Yolst v. Nunemaker assists a federal court in figuring out what ambiguous State court denials mean. And that's why Yolst works together with Evans v. Chavez to inform this court's decision on what those ambiguous State court denials were at the appellate and Supreme Court levels. We don't know what they mean because they didn't tell us what they meant. So Yolst tells the federal courts, and not just limited to certain claims, but in general the presumption is when you have an ambiguous State court denial, you look back to the last State court to issue a reasoned decision and you assume that it's for the same reasons. Do you agree, is it your position that the silent denial by the California Supreme Court, their postcard denial, as we used to call it, is it ambiguous? It's not ambiguous in that it's clear that they're denying relief. But it doesn't state reasons why they deny relief. It could be for any number of reasons. And that's why we look back to the Supreme Court's well-reasoned decision. They took four or five paragraphs to explain just how it was untimely, rather than just a string cite to some case that stands for timeliness. And the ñ neither of the State appellate court or the Supreme Court disturbed that ruling. As Yolst tells us, if the later unexplained decisions aren't based on the previous decisions, it's logical that theó So if you're rightó Yes. óand there's an ill slip through, what are we looking through and finding out? We're looking through the State superior courtó And finding out that they agree with the ñ that they are, like the State supreme court, think the original petition was filed too late. That's right. Right? And that determines the statutory tolling question how? It determines the statutory tolling question because the ñ all subsequent petitions were laid as well. They denied the subsequent petitions for the same reason. It came too late. Meaning that they thought they were too late relative to each other or that each individual petition was too late? Well, Pace v. DeGuglielmo tells us that we don't care. Once we find out that a petition is improperly filed, that's the end of the matter. It doesn't matter if they were untimely with relation to each other, the conviction, or some other date and time. They were not properly filed. So they have no tolling consequences. If a State court determines that a petition is untimely, it's not improperly filed, no matter what the reason is for the untimeliness. And that depends on the fact that then that we have individual petitions filed at each level, so that each individual petition is being looked at as a ñ as a too late petition from back to when the events occurred, not relevant to each other. In this particular case, if this would answer your question, we know that the original petition was too late from the time of conviction. The superior court explained that in detail. It was two years, says the superior court, from the time you were convicted, you should have come sooner. Now, the later petitions don't get any more timely. So we know that since it was two years to the first petition, it was two years plus several months to the next petition. It's logical to assume that the State appellate and Supreme Court's decisions were because the original petition was untimely as well. We don't need to wonder here whether or not they were untimely with relation to each other. But like I said, the Pace v. de Guglielmo tells us that once we decide that a State court has denied a petition for untimeliness reasons, that's the end of the matter, whether or not it's untimely from the date of conviction with relation to each other or some other date and time. It's improperly filed. And that's why we used Yulst. Evans v. Chavez tasks the Federal Court with figuring out what these ambiguous denials mean. What do they mean? What would the State court have done, says Evans v. Chavez? Well, Yulst helps us in this situation. We use the look-through doctrine and the presumption that it created to look back to the last reasoned decision and say, oh, it must have been based on that. Now, I'd like to use the rest of my time, unless there are any questions on that point, I'd like to use the rest of my time on an issue that opposing counsel just raised with regard to ambiguity. He cites Harris v. Reed for the proposition that, sorry, that when a State court decides that a claim or a petition is procedurally barred, as here, and if that decision is intertwined, so intertwined with Federal law, it must be deemed a merits adjudication. Well, here, what he's pointing to is an alternative merits adjudication. The Superior Court found both that the petition was untimely and that the claims contained therein were meritless. Harris v. Reed in footnote 10 specifically excludes this from the intertwined problem where they say, a State court need not fear reaching the merits of a Federal claim in an alternative holding. A procedural bar curtails reconsideration of a Federal issue as long as the State court explicitly invokes a State procedural bar rule. Harris v. Reed, which appellant relies on, excludes alternative holdings from the intertwined problem. It's not ambiguous here. It's simply an alternative holding. The procedural bar here was clear. Unless there are any other questions, which I'd love to answer, I'm ready to submit. Thank you. Thank you. Mr. Brannon? Yes. You're over your time, and we're just going to submit the matter. Thank you. Thank you.
judges: Fernandez, Paez, Berzon